BARBARA KIRKLAND McCOMBS, RICKY DALE KIRKLAND AND BOBBY
GENE KIRKLAND, BY HIS GUARDIAN AD LITEM v. ENOCH KIRKLAND

No. 8427DC730

(Filed 6 August 1985)

**Social Security and Public Welfare § 2— dependent spouse payments to husband—
no right of recovery by wife and children**

　　Defendant's ex-wife and her children had no legal or equitable right to
recover the proceeds of dependent spouse payment checks issued by the Social
Security Administration to defendant in the mistaken belief that defendant
and his ex-wife were still lawfully married to each other.

APPEAL by plaintiffs from *Carpenter, Judge*. Order entered
18 April 1984 in District Court, GASTON County. Heard in the
Court of Appeals 12 March 1985.

*Rankin & Stancil, by James W. Stancil, for plaintiff ap-
pellants.*

*Harris, Bumgardner & Carpenter, by Don H. Bumgardner
and R. Dennis Lorance, for defendant appellee.*

PHILLIPS, Judge.

Plaintiffs sued to recover $9,488.90 of defendant because he
received the benefit of certain social security checks in that
amount rather than them. After discovery was completed both
parties moved for summary judgment and upon the motions being
heard the court granted defendant's motion and dismissed plain-
tiffs' action. In our judgment the order was correct, for the
evidence recorded contains no material conflict and shows that
plaintiffs had no right to the checks involved.

Plaintiff Barbara Kirkland McCombs is the former wife of
defendant, who she divorced in July 1978. Plaintiffs Ricky Dale
Kirkland, born in 1962, and Bobby Gene Kirkland, born in 1965,
are their children. Defendant was disabled in 1976 and each
month beginning in February 1977 the Social Security Ad-
ministration issued three checks in the amount of $120 for the
benefit of his dependents; one check was made out to "Barbara
Kirkland for Bobby Gene Kirkland," one to "Barbara Kirkland for
Ricky Dale Kirkland," and the other to "Barbara Kirkland for the
children of Enoch Kirkland." At first the Social Security Ad-

McCombs v. Kirkland

ministration routinely sent all three checks to the Independence National Bank (now Branch Bank & Trust Co.) in Stanley, where they were automatically deposited to a joint checking account that the parents, Enoch Kirkland and Barbara Kirkland, had there. But in September 1977, the parents separated and agreed, among other things, that "the monthly payment from the Social Security Administration currently in the amount of $120.00 for each child shall go to the wife, to be used for the support and maintenance of said children. Husband will cause said payments from the Social Security Administration to be deposited to the account of the wife." After that, as the separation agreement required, the monthly checks to Barbara Kirkland for Ricky Dale Kirkland and Bobby Gene Kirkland were sent to her bank and automatically deposited to her personal account, and these checks no longer concern us.

The checks that do concern us are those issued to "Barbara Kirkland for the children of Enoch Kirkland." These checks, notwithstanding their wording, were dependent spouse payments issued under the authority of 42 U.S.C. 402(b)(1)(c), and plaintiffs concede in their brief that under the Social Security Act Barbara Kirkland ceased to be a dependent spouse after the "divorce on July 14, 1978 and Mrs. Kirkland's benefits should have terminated." But being unaware of the divorce, the Social Security Administration continued to send the checks to the parent's joint checking account until July 1982 and defendant used the funds as he saw fit. Barbara Kirkland McCombs knew nothing about these checks until shortly after they stopped and the Social Security Administration notified her that she had been receiving payments that she was not entitled to. She then contacted defendant and when he refused to pay the funds involved over to her, plaintiffs sued to recover them. Though the plaintiffs allege in the complaint that the checks were issued for the support of the minor children and thus equitably belonged to them, no evidence to support this theory was presented. Instead, the evidence indisputably shows that the checks were issued as dependent spouse payments in the mistaken belief that Barbara Kirkland was still the lawful wife of the defendant. That this evidence also establishes that defendant had no right to receive and spend the checks breathes no life into plaintiffs' claim. To win their case plaintiffs must prove that they had a legal or equitable right to

receive the checks or their proceeds, and their own evidence shows that they had no such right.

Affirmed.

Judges ARNOLD and COZORT concur.